## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEFFREY L. YEFSKY,        )
                               )
       Plaintiff,        )
                               )
v.                       )     Case No.:
                               )
SECRETARY OF THE NAVY,  )
                               )
       Defendant.   )
                               )
_____

## COMPLAINT

Jeffrey L. Yefsky ("the Plaintiff") brings this action against the Secretary of the Navy ("the Defendant") and alleges the following:

### INTRODUCTION

1.    This is an action for a review of decisions made by the United States Navy and a Board of Inquiry ("BOI") that ultimately led to the Defendant to separate the Plaintiff from the Navy.

### JURISDICTION

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court's statutory basis for reviewing this case is the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-596 and 5 U.S.C.§ 702. Generally, the APA permits district courts to review cases of persons who suffer a "legal wrong because of agency action" or are "adversely affected or aggrieved by agency action within the meaning of a relevant statute". 5 U.S.C. § 702.

### PARTIES

3.    The Plaintiff was a United States Navy Reservist in the United States Navy

Reserves ("USNR") with the rank of Lieutenant Commander ("LCDR"). Prior to his separation, he was Troop 1 Commander, Logistics Support Unit, Sea, Air, and Land ("SEAL") Team Seventeen.  At the time of his separation, he had approximately 17.5 years of satisfactory service in the USNR. He is a citizen of the United States of America who resides in the State of California.

4.      The Defendant is the civilian head of the Department of the Navy ("SECNAV") and has the responsibility of promulgating and enforcing Navy policy, procedures, and regulations. This Complaint may interchangeably refer to the Defendant as the "United States", "the Navy" or "the Defendant."

## FACTS

5.      The Plaintiff entered USNR service for the first time on or about October 3, 1990. After a thirteen-year break in service, the Plaintiff re-entered USNR service on December 23, 2003.

6.      On or about April 16, 2018, LCDR Ross Penrod, USN, was appointed as the investigating officer into an allegation of sexual harassment against the Plaintiff.  After interviewing ten witnesses and reviewing other pieces of evidence, LCDR Penrod issued a report on April 30, 2018. LCDR Penrod did not find evidence to corroborate the allegations against the Plaintiff and recommended the Plaintiff not receive any disciplinary action.

7.      On or about August 16, 2018, Commander ("CDR") Scott Jones, USN, was appointed to investigate concerns within the command climate at the Plaintiff's deployed location. After interviewing six witnesses and reviewing other pieces of evidence, CDR Jones issued a report on August 30, 2018. While CDR Jones found some of the Plaintiff's actions to cross the line into fraternization, he did not find the Plaintiff committed any sexual contact or assault type offenses. CDR Jones recommended the Plaintiff be re-deployed to the Continental United States

("CONUS"), but did not recommend any further action.

8.       Despite two investigations, neither of which recommended that the Plaintiff's superiors take any disciplinary action against the Plaintiff and neither of which revealed the Plaintiff committed any type of sexual contact or assault-type offense, on or about September 17, 2018 the Navy's Criminal Investigative Service ("NCIS") opened an investigation into the Plaintiff concerning nearly identical subject matter that was the focus of the  August 16, 2018 investigation. NCIS produced a report on or about November 7, 2018 that did not find probable cause the Plaintiff committed any abusive sexual contact or sexual assault-type offenses.

9.       On or about November 26, 2018, the Navy offered the Plaintiff nonjudicial punishment in accordance with Article 15, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 815.  The Navy accused the Plaintiff of violating Article 133, UCMJ, for conduct unbecoming an officer and a gentleman, and Article 134, UCMJ, for fraternization.  The Plaintiff accepted nonjudicial punishment proceedings as a forum, his commander determined he committed the alleged offenses, and he ultimately received a punitive letter of reprimand on December 4, 2018.

10.       In over 16 years of service in the Navy at the time of the nonjudicial punishment occurred on November 26, 2018, the Plaintiff had not received any negative administrative paperwork.

11.       For nearly six months after the nonjudicial punishment process ended, the Plaintiff continued to serve without any further disciplinary issues.  Then, on or about May 28, 2019, the Navy served a Notice of Administrative Show Cause Proceedings ("the Notice") on the Plaintiff.  The Navy  informed the Plaintiff the bases of his discharge proceedings were for (1) misconduct (("Violation of Article 133 (Conduct unbecoming an officer and a gentleman) (two specifications) and…Violation of Article 134 (Fraternization)") and (2) substandard performance

of duty ("Inability to maintain adequate levels of performance as evidenced by your failure to conform to prescribed standards of military deportment").  The Navy did not give any further factual bases within the Notice.

12.     At the time the Navy provided the Notice to the Plaintiff, SECNAVINST l920.6C was in effect.  Enclosure (8), paragraph 10 of that regulation requires that a BOI be "conducted in a fair and impartial manner to ensure the respondents have the opportunity to present their case." Enclosure (7), paragraph 2(a) of that regulation requires the Notice to state the "specific factual basis supporting the reason[s]."

13.     On July 24, 2019, SECNAVINST 1920.6D superceded SECNAVINST 1920.6D. SECNAVINST 1920.6D, Enclosure (11) paragraph 6(a)(2) states the Notice must contain "[t]he specific alleged acts, omissions, or traits supporting the reasons for which the respondent is being required to show cause for retention…" SECNAVINST 1920.6D, reference (b) codified the requirement that the Plaintiff be provided constitutional notice of the specific reasons for his recommended discharge.

14.     On August 25, 2019, the Plaintiff's BOI counsel filed a Request for Constitutional Notice.  The Navy denied that request on August 27, 2019.

15.     The Plaintiff's BOI proceeded on September 5, 2019. The Plaintiff's counsel objected to the Notice on the record at the BOI.  The Legal Advisor denied the Defense request for re-notification, stating that the government was not required to provide the respondent with a factual basis for separation.

16.     The Navy did not present argument or evidence of Substandard Performance of Duty at the BOI.

17.     On September 5, 2019, the Board Members voted three to zero, finding the

Plaintiff committed misconduct and substandard performance of duty. They also voted to recommend the Plaintiff receive an Under Other Than Honorable ("OTH") service characterization.

18.     On September 20, 2019, BOI counsel for the Plaintiff sent a letter to the Defendant explaining that the Navy substantially prejudiced the Plaintiff's rights because the Plaintiff did not receive constitutionally required notice prior to the BOI, did not receive the specific factual basis of the allegations in the Notice, and as such, could not prepare an adequate defense.

19.     After the BOI, the Plaintiff continued to satisfactorily perform duty without disciplinary issues through the end of April 2020. On or about July 1, 2020, the Navy mailed the Plaintiff a separation order effective May 28, 2020 that separated the Plaintiff from the Navy with a General (under honorable conditions) service characterization.

## CAUSE OF ACTION

### Judicial Review of the Notice, the BOI's Findings, the Plaintiff's Separation, and the Plaintiff's Service Characterization Pursuant to the APA

20.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

21.     The Notice in the Plaintiff's case did not contain the specific factual basis supporting the reasons for separation.

22.     The Notice in the Plaintiff's case did not contain the specific alleged acts, omissions, or traits supporting the reasons for which the Plaintiff was required to show cause for retention.

23.     The Notice in the Plaintiff's case was constitutionally deficient.

24.     The BOI's findings were arbitrary, capricious, and not based upon substantial

evidence.

25.     The Defendant's decision to separate the Plaintiff from the Navy was arbitrary, capricious, and not based upon substantial evidence.

26.     The Defendant's decision on the Plaintiff's service characterization at his separation was arbitrary, capricious, and not based upon substantial evidence.

27.     As a result, the Notice, BOI findings, and separation should be set aside.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment as follows:

a.  That this Court review the Notice, BOI Findings, separation, and service characterization in the Plaintiff's case;

b.  That this Court set aside the Notice in the Plaintiff's case;

c.  That this Court set aside the BOI Findings in the Plaintiff's case;

d.  That this Court set aside the Plaintiff's separation;

e.  That this Court restore the Plaintiff to his position as a Reservist in the Navy;

f.  That this Court award any back pay and/or allowances that the Plaintiff may be due;

g.  That this Court award the Plaintiff's costs and attorney's fees expended in this matter; and

h.  That this Court award such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/\_\_\_\_John R. Thomas, Jr.*
**HAFEMANN, MAGEE & THOMAS**
John R. Thomas, Jr. (D.C. Bar No. 1027981)
Brian Magee (*Pro Hac Vice* Forthcoming)
Christopher C. Newton (*Pro Hac Vice* Forthcoming)
*Counsel for the Plaintiff*
340 Eisenhower Dr.
Suite 1313
Savannah, Georgia 31406
Telephone: (912) 221-4441
Facsimile:  (912) 221-4441
Email:      jt@fed-lit.com
            brian@fed-lit.com
            chris@fed-lit.com